David B. Rosenbaum, 009819
Colin M. Proksel, 034133
OSBORN MALEDON, P.A.
2929 N. Central Avenue, 21st Floor
Phoenix, Arizona 85012-2793
(602) 640-9000
drosenbaum@omlaw.com
cproksel@omlaw.com

James E. Weger (*Pro Hac Vice to be submitted*)
Tadd J.P. Bogan (*Pro Hac Vice to be submitted*)
JONES, GOTCHER & BOGAN, P.C.
3800 First Place Tower
15 East Fifth Street
Tulsa, OK 74103-4309
(918) 581-8200
tbogan@jonesgotcher.com

Attorneys for Defendants GWACS Armory, LLC, GWACS Defense, Inc., Jud Gudgel, and Russell L. Anderson

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| KE Arms LLC, an Arizona limited liability company,<br><br>          Plaintiff,<br><br>v.<br><br>GWACS Armory, LLC, an Oklahoma limited liability company, GWACS Defense, Inc., a Delaware corporation; and Jud Gudgel, an individual; Russell L. Anderson, an individual; DOES I through X, inclusive; and Roe Corporations I through X, inclusive,<br><br>          Defendants. | No. _____<br><br>**NOTICE OF REMOVAL BY DEFENDANTS GWACS ARMORY, LLC; GWACS DEFENSE, INC.; JUD GUDGEL and RUSSELL L. ANDERSON**<br><br>[Removal from Superior Court of Arizona, Maricopa County, Case No. CV2020-005131]<br><br>Action Filed: April 27, 2020 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that in accordance with 28 U.S.C §§ 1332(a), 1441(a), and 1446, Defendants GWACS Armory, LLC, GWACS Defense, Inc., Jud Gudgel, and Russell L. Anderson (collectively referred to as "Defendants") remove this action captioned *KE Arms LLC, an Arizona limited liability company, v. GWACS Armory, LLC, an Oklahoma limited liability company, GWACS Defense, Inc., a*

*Delaware corporation; and Jud Gudgel, an individual; Russell L. Anderson, an individual; et al.*, Case No. CV2020-005131 (the "State Court Action"), from the Superior Court of the State of Arizona, in and for the County of Maricopa, to the United States District Court for the District of Arizona.

Defendants have not responded to the Complaint in the State Court Action, deny the allegations contained therein, and file this Notice without waiving any defenses, exceptions, or obligations that may exist in their favor in either state or federal court. Defendants have also filed a copy of this Notice with the clerk of the state court from which the action has been removed.

In support of their Notice of Removal, Defendants set forth the following:

**I.    BACKGROUND.**

Plaintiff commenced this action by filing its Complaint on April 27, 2020, in the Superior Court of the State of Arizona in and for the County of Maricopa. A true and correct copy of the Complaint is attached to the Declaration of Colin M. Proksel, Esq., in Support of Notice of Removal as Exhibit 1. True and correct copies of the current docket in the state court action, along with other documents that were filed with the state court, are attached to Attorney Proksel's Declaration as Group Exhibit 2.

Plaintiff's Complaint alleges that KE Arms LLC ("KEA") and GWACS Armory LLC ("GAL") are parties to a June 2, 2015 Mutual Non-Disclosure Agreement ("NDA"), under which they intended to explore the establishment of a business relationship. (Proksel Decl. Ex. 1 (Compl. ¶¶ 11-15).) Under the NDA, KEA received certain propriety information from GAL. (Compl. ¶¶ 12, 15-16, 23(c) & 43.) The propriety information related to, among other things, the "MKII" and "MKIII" (*see id.* ¶ 43), which are lower receivers for a firearm, or the part of a gun which provides housing for internal action components, such as the hammer, and which has interfaces for attaching components, such as the barrel or a sight. (*See* Declaration of Jud Gudgel ¶ 13.) Although the parties did not go into business together, KEA made its own

MKIIIs. (*See* Compl. ¶¶ 11-15 & 43.) The MKII, MKIII, and MKIV, and variations thereof, are related lower receivers. (*See* Gudgel Decl. ¶ 13.)

KEA alleges further that it did not breach the NDA because it made its "KE ARMS MKIII" using information which (1) it already possessed at the time of the NDA, (2) was independently made available to it by a third party not bound directly or indirectly by a non-disclosure obligation, (3) was in the public domain, and/or (4) it developed independently of any propriety information from GAL. (*Id.* ¶¶ 12, 15 & 23.) KEA also asserts that GAL breached the spirit of the NDA by allegedly interfering with KEA's ability to sell the KE ARMS MKIII and that all Defendants allegedly interfered with KEA's unspecified future customers and disparaged KEA by claiming that KEA had violated and is now violating GAL's intellectual property rights related to the MKIII. (*See id.* ¶¶ 16-19.)

KEA purports to state four causes of action against Defendants, including declaratory relief against GAL (Claim One), breach of the implied covenant of good faith and fair dealing against GAL (Claim Two), interference with prospective economic advantage against all Defendants (Claim Three), and business disparagement against all Defendants (Claim Four). (Proksel Decl. Ex. 1.) It seeks, among other things, unspecified compensatory damages, attorneys' fees based on a statutory entitlement, and punitive damages. (*Id.*) *See also* A.R.S. § 12-341.01 (allowing the court to award the successful party reasonable attorneys' fees in an action arising out of a contract).

## II. COMMENCEMENT OF THE ACTION AND TIMELINESS OF REMOVAL.

Defendant GWACS Defense, Inc. first received the Complaint upon service of the Summons and Complaint on July 20, 2020. (Proksel Decl. Ex. 2.) Defendant GWACS Armory, LLC was served with the Summons and Complaint on July 22. (*Id.*) And Defendants Jud Gudgel and Russell L. Anderson were served with the Summons and Complaint on July 23. (*Id.*) All Defendants consent to the removal. (Gudgel Decl.

3

¶ 6; Declaration of Russell L. Anderson ¶ 4.) Defendants' removal is, therefore, timely under 28 U.S.C. § 1446(b)(2) (providing, when defendants are served at different times, defendants have thirty days to file a notice of removal after receipt by or service on the last-served defendant, if all defendants consent to removal).

### III.   BASIS FOR DIVERSITY JURISDICTION.

This action is within the original jurisdiction of the United States District Court pursuant to 28 U.SC. § 1332, which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship exists in that the sole Plaintiff, an Arizona limited liability company, has only two members who are citizens of Arizona; Defendants, and their relevant members, are citizens of Delaware and Oklahoma; and the amount in controversy requirement is met, as explained below.

Plaintiff KEA is an Arizona limited liability company. (Compl. ¶ 1.) Documents publicly filed with the Arizona Corporation Commission ("ACC"), a quasi-executive regulatory agency in the Arizona state government that oversees the incorporation of businesses in the state, forming KEA reflect that Plaintiff's headquarters is located in Phoenix, Arizona, and that it has two members, Michael Kenney and Barbara J. Kenney.[1] (Proksel. Decl. Group Ex. 3.) KEA's website confirms that its headquarters is located in Phoenix. (*Id.* Ex. 4.) Michael Kenney's LinkedIn profile states that he is the President and Chief Executive Officer of KEA. (*Id.* Ex. 5.)

---

[1] To assess its jurisdiction, the Court may consider information outside of the Complaint in the State Court Action. *See, e.g.*, *Adler v. Fed. Republic of Nigeria*, 107 F.3d 720, 728 (9th Cir. 1997) (holding that district court did not err in considering declaration outside of pleadings and that district courts have broad discretion to find facts pertinent to jurisdiction, and stating that a district court may "view whatever evidence has been submitted to determine whether in fact subject matter jurisdiction exists").

4

KEA's ACC filings also show that Michael Kenney has maintained an address in Mesa, Arizona, since April 2013. (Proksel. Decl. Group Ex. 3.) Documents publicly filed with the Maricopa County Recorder's Office indicate that Michael Kenney and Barbara J. Kenney are husband and wife and have maintained a residence in Mesa, Arizona since 2004 at the same address listed for Michael Kenney in KEA's Articles of Organization. (Proksel. Decl. Group Exs. 3 & 6.) The duration of their residence indicates that Michael Kenney and Barbara J. Kenney consider Arizona their domicile. They are, therefore, citizens of Arizona within the meaning of 28 U.S.C. § 1332(a). *E.g.*, *Anderson v. Watts*, 138 U.S. 694, 706 (1891) ("The place where a person lives is taken to be his domicile until facts adduced establish the contrary . . . ."); *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016) ("It is a longstanding principle that '[t]he place where a person lives is taken to be his domicile until facts adduced establish the contrary.'" (quoting *Anderson*, 138 U.S. at 706, and citing *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011)); *Hollinger*, 654 F.3d at 571 ("Evidence of a person's place of residence, however, is prima facie proof of his domicile" (citation omitted)); *see also* 13E Arthur R. Miller, Federal Practice and Procedure § 3612 (3d ed.) (April 2020 Update) ("It is assumed, for example, that a person's current residence is also his domicile . . . .").

For diversity jurisdiction purposes, a limited liability company "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Thus, because Michael Kenney and Barbara J. Kenney are citizens of Arizona and are the sole members of KEA, KEA is a citizen of Arizona.

Defendant Jud Gudgel, at the time this action was commenced, was, still is, and intends to continue to be domiciled in Oklahoma. (Gudgel Decl. ¶¶ 1-3.) He is a citizen of Oklahoma within the meaning of 28 U.S.C. § 1332(a). (*See also* Compl. ¶ 4.) He is the President and Chief Executive Officer of both GAL and GWACS Defense, Inc. (Gudgel Decl. ¶ 4.) He is also the managing member of GAL. (*Id.* ¶ 5.)

1   Defendant Russell L. Anderson, at the time this action was commenced, was, still
2 is, and intends to continue to be domiciled in Oklahoma. (Anderson Decl. ¶¶ 1-3.) He
3 is a citizen of Oklahoma within the meaning of 28 U.S.C. § 1332(a). (*See also* Compl.
4 ¶ 5.)
5   Defendant GAL is an Oklahoma limited liability company with its principal
6 place of business located in Bixby, Oklahoma. (Proksel Decl. Group Ex. 7; Gudgel
7 Decl. ¶¶ 4-5 & 7; *see also* Compl. ¶ 2.) GAL has three members, all of whom are
8 citizens of Oklahoma. (Gudgel Decl. ¶¶ 8-9.) As a result, under *Johnson*, GAL is a
9 citizen of Oklahoma. *See Johnson*, 437 F.3d at 899.
10   Defendant GWACS Defense, Inc. is a Delaware corporation with its principal
11 place of business located in Tulsa, Oklahoma. (Proksel Decl. Ex. 8; Gudgel Decl. ¶¶ 4
12 & 10; *see also* Compl. ¶ 3.) GWACS Defense, Inc. is a citizen of Delaware and
13 Oklahoma within the meaning of 28 U.S.C. § 1332(a). 28 U.S.C. § 1332(c)(1).
14   Because Plaintiff is a citizen of Arizona and Defendants are citizens of Delaware
15 and Oklahoma, complete diversity exists between Plaintiff and Defendants within the
16 meaning of 28 U.S.C. § 1332(a).

17 **IV.   AMOUNT IN CONTROVERY.**

18   Where, as here, "the plaintiff's complaint does not state the amount in
19 controversy, the defendant's notice of removal may do so." *Dart Cherokee Basin*
20 *Operating Co. v. Owens*, 574 U.S. 81, 84 (2014) (citing 28 U.S.C. § 1446(c)(2)(A)).
21 Under § 1446(a), a "notice of removal need include only a plausible allegation that the
22 amount in controversy exceeds the jurisdictional threshold." *Id.* at 89. "Evidence
23 establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests,
24 or the court questions, the defendant's allegation." *Id.* "When a defendant's assertion
25 of the amount in controversy is challenged, then 'both sides submit proof and the court
26 decides, by a preponderance of the evidence, whether the amount-in-controversy
27 requirement has been satisfied.'" *Treon v. Aetna Life Ins. Co.*, No. CV-20-00529-PHX-
28 JJT, 2020 WL 2537484, at *2 (D. Ariz. May 19, 2020) (quoting *Dart Cherokee Basin*,

574 U.S. at 88). Such "evidence may be direct or circumstantial," may include declarations, and "may require a chain of reasoning that includes [reasonable] assumptions." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 & 1199 (9th Cir. 2015).

Defendants believe in good faith that the amount in controversy exceeds $75,000, that Plaintiff will seek an amount exclusive of interest and costs that exceeds $75,000, and that the jurisdictional threshold is satisfied by Plaintiff's cumulative demands. (Gudgel Decl. ¶ 11.)

In addition, other currently available information shows that the amount in controversy exceeds $75,000:[2]

- Plaintiff alleges that the damages for each claim "are enough to qualify this case for *at least* Tier 2 discovery." (Compl. ¶¶ 25 (Claim One), 32 (Claim Two), 40 (Claim Three) & 50 (Claim Four) (emphasis added).) Arizona uses a tier system for discovery purposes. Ariz. R. Civ. P. 26.2(a). Tier 2 cases generally involve "[a]ctions claiming more than $50,000 and less than $300,000 in damages." *Id.* 26.2(c)(3)(B).

- Plaintiff certified in state court that the amount in controversy exceeds $50,000 by filing a Certificate Re: Compulsory Arbitration, in which it avowed that it is seeking an award of at least $50,000, excluding attorneys' fees. (Proksel Decl. Ex. 2.) *See also* Ariz. R. Civ. P 72; Maricopa Cty. Local R. Prac. 3.10.

- As of mid-2018, GAL projected that it could sell millions of dollars' worth of MKIIIs and MKIVs per year. (Gudgel Decl. ¶ 17.) KEA has not only breached the NDA but also violated GALs' intellectual property rights related to the MKIII. (*See id.* ¶¶ 12-16.)

---

[2] Defendants may supplement this information if jurisdiction is challenged. *E.g.*, *Dart Cherokee Basin*, 574 U.S. at 88; *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n.1 (9th Cir. 2002).

7

- A major national supplier of firearm accessories, gun parts, and gunsmithing tools estimated, at one time, that it could buy and sell over $635,000 worth of MKIIIs and MKIVs. (*Id.* ¶ 18; *see also id.* ¶20.)
- The same major national supplier was later poised to purchase over $91,000 in MKIIIs and related lower receivers. (*Id.* ¶ 19; *see also id.* ¶20.)

All of these measures demonstrate it is more likely than not that the amount in controversy is in excess of $75,000, so as to satisfy 28 U.S.C. § 1332(a).

## V.   REMOVAL PROCEDURES.

This division of the District Court is the proper court for removal because the state court action was filed within this District, in Maricopa County, Arizona. 28 U.S.C. § 1446(a).

Defendants will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of Arizona, County of Maricopa, and serve a copy on Plaintiffs, as required by 28 U.S.C. § 1446(d).

## VI.   CONCLUSION.

Defendants respectfully request removal of the state court action from the Superior Court of the State of Arizona, County of Maricopa, to the United States District Court for the District of Arizona.

DATED this 18th day of August, 2020.

>                    OSBORN MALEDON, P.A.
>
>                    By   s/Colin M. Proksel
>                         David B. Rosenbaum
>                         Colin M. Proksel
>                         2929 N. Central Avenue, Suite 2100
>                         Phoenix, Arizona 85012-2793
>
>                    Attorney for Defendants GWACS Armory, LLC, GWACS Defense, Inc., Jud Gudgel, and Russell L. Anderson

COPY of the foregoing emailed
this 18th day of August, 2020, to:

Gregory W. Seibt (greg@blythegrace.com)
Alexandra Mijares Nash (anash@blythegrace.com)
Robert S. Reder (robert@blythegrace.com)
Kiri T. Semerdjian (kiri@blythegrace.com)
Blythe Grace PLLC
4040 E. Camelback Rd., Suite 275
Phoenix, AZ  85018

Attorneys for Plaintiff

s/Rebecca Warinner
8635244